# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RAHN HALL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 84-1200-CV-W-DW |
| | ) |
| JACKSON COUNTY DEPARTMENT | ) |
| OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Terminate Consent Judgment (Doc. 371). The parties have fully briefed the issue and a hearing was held on March 5, 2007. Having considered the parties' arguments and the relevant legal standards, the Court grants the motion pursuant to 18 U.S.C. § 3626.

    I.    Background

This case has an extensive history, much of which is not relevant to the pending motion. Nonetheless, a brief description of this litigation is helpful to the consideration of Defendants' motion.

The Jackson County Jail has a history of horrendous conditions. See Goldsby v. Carnes, 365 F. Supp. 395 (W.D. Mo. 1973). In 1984, the Jackson County Detention Center ("JCDC") opened and this suit was filed by a class of inmates housed at this new facility. The parties agreed to the entry of a consent decree that established various guidelines for the operation of the new facility. The consent decree[1] was entered on August 13, 1986 without an evidentiary hearing or findings concerning the constitutionality of the conditions of the Plaintiffs' confinement. In 1989, the parties agreed to an amended consent decree, entered on June 3, 1992, to address allegations of overcrowding at the JCDC. Between 1992 and 1995 the Court actively monitored Defendants'

---

[1] The docket and briefs refer to the orders of the Court reflecting the agreement of the parties variously as "consent decrees" and "consent judgments." In this Order, the Court will use the term consent decree to refer to both consent decrees and consent judgments.

compliance with the terms of the amended consent decree, resulting in multiple sanctions for exceeding the specified inmate population limit.

In 1999, new detention space was completed, known as the Jackson County Detention Annex. The Court increased the population cap to reflect the additional design capacity of the Annex. Since completion of the Annex, the Court's intervention has not been necessary to insure compliance with the consent decree. Testimony offered at the hearing on this motion indicates that Defendants have consistently maintained the population below the population limit imposed by the Court. Compliance with the consent decree has been achieved through the successful operation of the Population Control Docket, the Early Disposition Docket, and the Release Matrix.

If the Court terminates the consent decree, Defendants state that they intend to continue utilizing the Population Control Docket and the Early Disposition Docket to manage the inmate population level, but to discontinue the use of the Release Matrix. Defendants argue that inmates should not be released without the input and involvement of the Jackson County Circuit Court and the Prosecutor's Office.

II.     Legal Standard

Effective April 26, 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") significantly impacting prison reform litigation. 18 U.S.C. § 3626. Under the termination provision of the PLRA, any prospective relief previously order by a court "shall be terminable upon the motion of any party or intervenor . . . 2 years after [][the] date of enactment [of the PLRA]." 18 U.S.C. § 3626(b)(1).[2] The Court may continue prospective relief if Plaintiff can show a current and ongoing violation of a federal right and the Court makes written findings that prospective relief remains necessary to correct that violation. 18 U.S.C. § 3626(b)(3).[3] "Current and ongoing" means a *present* violation of a federal right. Cason v. Seckinger, 231 F.3d 777, 784

---

[2] For orders entered prior to the enactment of the PLRA, as in the action presently before the Court.

[3] A court must find that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C. § 3626(a)(1)(A). No such findings were made in this case.

(11th Cir. 2000). "Prospective relief" under the PLRA includes all relief other than compensatory damages and includes consent decrees and judgments. Gavin v. Branstad, 122 F.3d 1081, 1084 (8th Cir. 1997); 18 U.S.C. § 3626(g)(7) and (9). A "consent decree" is "any relief entered by the court that is based in whole or in part upon the consent or acquiescence of the parties." 18 U.S.C. § 3626(g)(1).

  III. Discussion

  The issue the Court must address is whether there is a current and ongoing violation of a federal right of the inmates housed at the JCDC.

  At the May 5, 2005 hearing on this motion, Plaintiffs presented no evidence of a current and ongoing violation of any federal right of the inmates housed at the JCDC. Nor does the record shows any evidence of a current or even recent pattern of violation of the federal rights of inmates housed at the JCDC. In fact, the Court has had little involvement in this case since the Jackson County Detention Annex was completed in 1999. For the last seven years, Defendants have acted in conformity with the terms of the consent decree and has maintained the inmate population of the JCDC under the maximum specified by the Court. On this limited evidence, the Court must conclude that there is no "current and ongoing" violation of federal rights justifying continued prospective relief.

  Although the abandonment of the current population control measures may lead to future overcrowding, the mere threat of a future violation of a federal right is not a sufficient basis to grant or continue prospective relief. Cason, 231 F.3d at 784. Congress has made clear that under the present circumstances—no current violation of federal rights of inmates—management of the JCDC should rest with the County and not the federal courts. In the absence of federal court oversight of the JCDC, the burden of balancing policy goals, budgetary constraints, and constitutional standards of confinement now rests firmly with Jackson County's elected officials, Prosecutor's Office, and courts. The Court sincerely hopes that they are up to the task.

  Finally, although the Court finds that termination of the consent judgment is required by the PLRA, this does not mean that the decree is vacated or anulled. Benjamin v. Johnson, 172 F.3d 144 (2d Cir. 1999). Upon termination of the consent decree Defendants are no longer directly constrained by its terms, however the decree and other findings of this Court retain

3

collateral effect in any future litigation that may arise related to the conditions at the JCDC. <u>See</u> <u>Inmates of Suffolk County Jail v. Rouse</u>, 129 F.3d 649, 662 (1st Cir. 1997).

IV.     Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Terminate Consent Judgment (Doc. 371). The consent judgment entered in this case is hereby terminated and this action is closed.


Date:   April 4, 2007                                              /s/ DEAN WHIPPLE
                                                                   Dean Whipple
                                                                   United States District Court